**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:06-cv-201-Orl-28KRS**

**RICHARD A. BRENEMAN, TEAK TRUST, CEDAR TRUST, WILLIAM J. BENSON, WANDA CLARK, SUNTRUST BANKCARD, N.A., WASHINGTON MUTUAL BANK, ALBERTA MURRAY, EDITH HIGHSMITH, MARY E. CAMPBELL LIVING TRUST, MARY ELIZABETH CAMPBELL, GEORGE MACKAY, SHIRLEY ESTRADA, LORI TORRES, EVELYN RODRIGUEZ,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNITED STATES' MOTION FOR ENTRY OF DEFAULT AGAINST CERTAIN DEFENDANTS (Doc. No. 44)**
>
> **FILED:** November 7, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The United States asks the Court to enter a default against the following defendants: The Teak Trust, The Cedar Trust, William J. Benson and Wanda Clark as trustees of The Teak Trust and The Cedar Trust.

There is no return of service on file with respect to The Teak Trust or The Cedar Trust.[1] Although William J. Benson was served, and Wanda Clark waived service,[2] Benson and Clark aver that they are not trustees of either of these trusts. Doc. Nos. 34, 38. The United States has not provided any memorandum of law or evidence supporting its contention that The Teak Trust or The Cedar Trust have been served with process in this case.

Benson and Clark's respective declarations indicate that each of them intend to dispute factual allegations of the complaint with respect to the claims against them in their purported capacities as trustees. The Court is required to construe *pro se* pleadings liberally so "as to do substantial justice." *See Haines v. Kerner*, 404 U.S. 519, 595-96 (1972); Fed. R. Civ. P. 8(f). Accordingly, I construe the appearance and declarations signed by Benson and by Clark and filed by the United States, doc. nos. 34, 38, to be their respective answers to the complaint.

**DONE** and **ORDERED** in Orlando, Florida on November 16, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] The return of service for William J. Benson, doc. no. 12, indicates that service was for The Teak Trust, The Cedar Trust, and William J. Benson as trustee. However, the return also indicates a post office box in Longwood, Florida as the address for The Teak Trust and The Cedar Trust. Because the process server's affidavit indicates that service was made on Benson's wife at a physical address, it is unclear whether this was sufficient to serve Benson in his capacity as trustee.

[2] Wanda Clark waived service of the summons individually, doc. no. 15, but the waiver does not indicate that she was agreeing to accept service on behalf of The Teak Trust or The Cedar Trust.